SARAH A. WHEELER, Appellant, *v.* WOODSIDE RESIDENCES, INC., et al., Respondents.

Argued October 6, 1941; decided November 19, 1941.

*Richard J. Mackey* for appellant. The action of the courts below improperly dismisses the plaintiff's complaint without giving her an opportunity to present her allegations and violates her right to due process of law under the Constitution. (*Partridge* v. *Fidelity & Casualty Co.*, 213 App. Div. 8; *Gambold* v. *MacLean*, 126 Misc. Rep. 820; *Home Indemnity Co.* v. *Filyork Holding Corp.*, 258 App. Div. 962; 283 N. Y. 728.)

*Harold I. Cammer* and *D. William Leider* for Woodside Residences, Inc., respondent. The judgments in the earlier actions are a bar to the present suit. (*City of New Rochelle* v. *Seacord*, 254 App. Div. 897; 281 N. Y. 621; *Hoffman* v. *Manufacturers Trust Co.*, 252 App. Div. 495; *Slote* v. *Cascade Holding Corp.*, 249 App. Div. 332; *Allen* v. *United States Fire Ins. Co.*, 245 App. Div. 31; *Werring* v. *Selig*, 241 App. Div. 67; *Gelston* v. *Codwise*, 1 Johns. Ch. 189.) The order should be affirmed because it was in any event proper. (*Gotham Construction Corp.* v. *City of New York*, 233 App. Div. 699; *Jacobs* v. *Jacobs*, 252 App. Div. 794; *Gleason* v. *Hamilton*, 138 N. Y. 353; *American Structural Steel Co.* v. *Rush*, 107 N. Y. Supp. 3.)

*Charles L. Fleece* for Nathan Wilson et al., respondents.

*Arthur J. O'Leary* for Philip J. Dunn, respondent.

*Per Curiam.* Defendant Woodside Residences, Inc., moved to dismiss as to it, plaintiff's first amended complaint, on the ground of insufficiency (Rules of Civil Practice, rule 106) and on the further ground that there was an existing final judgment of a competent court, rendered on the merits, determining the same cause of action between plaintiff and said defendant (Rules of Civil Practice, rule 107). The Special Term did not consider this motion on its merits but, by the order of April 4, 1940, dismissed this first amended complaint as against defendant Woodside Residences, Inc., " as if by default of the plaintiff * * * but without prejudice to an application by the plaintiff to Special Term for leave to serve an amended

complaint after plaintiff has purged herself of the charge of contempt * * *." This order further directed the entry of judgment in favor of defendant Woodside Residences, Inc., dismissing the complaint, and judgment was so entered thereon two days later.

The ruling of Special Term that plaintiff was in default as to defendant Woodside Residences, Inc., was based on a previous determination made on motion of other defendants that plaintiff had been guilty of contempt in serving the first amended complaint while there was pending a stay of proceedings on plaintiff's part, the stay being based on plaintiff's failure to pay certain costs to those other defendants. Defendant Woodside Residences, Inc., did not join in that motion for a stay. This judgment of dismissal makes no mention of the provision in the order granting plaintiff leave to make application to serve another amended complaint if and when she should purge herself of contempt. Between the entry of the order and the entry of the judgment plaintiff paid certain costs to defendants other than defendant Woodside Residences, Inc., and moved for leave to serve a second amended complaint. Later plaintiff moved to vacate the judgment of dismissal. These motions came on together for hearing at Special Term and, again without any hearing as to the sufficiency of the proposed amended complaint or as to defendant's claim of *res judicata*, were denied " in the exercise of the discretion of the court."

Under these circumstances we must conclude that Special Term was in error when it treated the plaintiff as being in default as to defendant Woodside Residences, Inc., in granting the motion to dismiss without any consideration of its merits and in refusing to allow plaintiff her day in court as against defendant Woodside Residences, Inc.

The orders and judgments appealed from should be reversed and the matter remitted to Special Term, with costs in all courts to appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.